# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MACY'S RETAIL HOLDINGS, INC.,**
**Employer Below, Petitioner**

**v.)  No. 24-ICA-341**          (JCN: 2018009959)

**KIMBERLY WORMACK,**
**Claimant Below, Respondent**

**FILED**
**March 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Macy's Retail Holdings, Inc. ("Macy's") appeals the July 30, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Kimberly Wormack timely filed a response.[1] Macy's did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order and authorizing a left shoulder x-ray, left shoulder MRI, and evaluation by George Bal, M.D.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 16, 2021, Chuan Fang Jin, M.D., performed an independent medical evaluation of Ms. Wormack. Ms. Wormack reported that she had constant left shoulder pain, and weakness in her left shoulder/arm. Dr. Jin noted that Ms. Wormack worked as a forklift operator for Macy's warehouse, and that on October 15, 2017, she was driving a forklift when she was struck by another forklift.[2] Dr. Jin assessed left shoulder injury with left shoulder rotator cuff tear, status post-surgical repair of the left shoulder torn rotator cuff and biceps tenodesis, and pre-existing degenerative arthrosis of the acromioclavicular joint in the left shoulder, status post-surgical debridement. Dr. Jin opined that Ms. Wormack has pre-existing degenerative arthrosis of the shoulders, which impacts the

---

[1] Macy's is represented by Jeffrey B. Brannon, Esq. Ms. Wormack is represented by Bruce A. Kirkwood, Esq.

[2] The record does not contain a Report of Occupational Disease or Injury form, or a claim administrator's order addressing compensability.

1

recovery of her injury. Dr. Jin placed Ms. Wormack at maximum medical improvement ("MMI"). Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Jin assessed 2% whole person impairment related to the compensable injury based on Table 3 on page 20 of the *Guides*.

On February 11, 2022, Ralph Salvango, M.D., an orthopedic surgeon, performed an evaluation of Ms. Wormack. Ms. Wormack reported that her injury occurred while doing seasonal work for Macy's, when she was on a forklift and was hit by another forklift. Ms. Wormack noted the acute onset of pain in her left shoulder. Dr. Salvango diagnosed rotator cuff tear of the left shoulder and pre-existing asymptomatic acromioclavicular joint arthrosis. Dr. Salvango opined that Ms. Wormack had reached MMI. Using the *Guides*, Dr. Salvango assessed 15% whole person impairment for the work injury.

On November 28, 2022, Jennifer Lultschik, M.D., performed an evaluation of Ms. Wormack. Dr. Lultschik listed the compensable diagnosis as unspecified rotator cuff tear or rupture of left shoulder. Using the *Guides* and Rule 20, Dr. Lultschik determined an impairment rating for Ms. Wormack. Dr. Lultschik found that Ms. Wormack had 6% whole person impairment attributable to her shoulder injury. Dr. Lultschik opined that Ms. Wormack's uninjured right shoulder exhibited 2% whole person impairment, and thus, she apportioned it from the left shoulder impairment of 6%, leaving 4% whole person impairment for the compensable injury.

The medical records from Hyndman Family Health from February 16, 2023, through December 1, 2023, indicate that Ms. Wormack was treated for various conditions, including left shoulder pain with a history of left rotator cuff surgery. On December 1, 2023, it was requested that Ms. Wormack undergo a left shoulder x-ray, left shoulder MRI, and an evaluation by Dr. Bal at WVU Medicine.

On January 10, 2024, the claim administrator issued an order authorizing the request for a left shoulder x-ray, left shoulder MRI, and evaluation with Dr. Bal. On March 13, 2024, the claim administrator issued an additional order denying the request from Hyndman Family Health for a left shoulder x-ray, MRI, and evaluation with Dr. Bal at WVU Medicine. The claim administrator stated that the previous order was "defective, clearly erroneous, the result of mistake, clerical error and is not supported by the evidence." The claim administrator concluded that the requested treatment was not medically necessary or reasonably required to treat the compensable condition in the claim. Ms. Wormack protested this order.

On March 18, 2024, Ms. Wormack was evaluated by Dr. Bal, who assessed post left rotator cuff repair with left shoulder pain. Dr. Bal noted that an x-ray of the left shoulder taken on the same date did not show any degenerative changes of the glenohumeral joint. Dr. Bal stated that Ms. Wormack had experienced left shoulder pain and stiffness since the COVID-19 pandemic caused her to suspend the physical therapy necessitated by her

compensable injury, and that she may have a new tear of her rotator cuff. On March 18, 2024, Ms. Wormack also underwent an x-ray of her left shoulder, which revealed mild acromioclavicular degenerative arthrosis and cystic changes of the greater tuberosity of the left humerus likely secondary to the prior rotator cuff repair.

On July 30, 2024, the Board issued an order reversing the claim administrator's March 13, 2024, order and authorizing the left shoulder x-ray, left shoulder MRI, and evaluation by Dr. Bal. The Board found that the medical evidence supports that the requested treatment is medically related and reasonably required for the compensable injury. It is from this order that Macy's now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Macy's argues that the Board's decision is clearly wrong, because the medical evidence establishes that Ms. Wormack has reached MMI for the compensable injury and does not require additional treatment. Further, Macy's asserts that the request for treatment from Ms. Harden at Hyndman Family Health Center was for a diagnosis of pain in left shoulder, which is not a compensable condition in this claim. We disagree.

The claim administrator must provide medically related and reasonably necessary treatment for a compensable injury. *See* W. Va. Code § 23-4-3 (2005) and W. Va. Code R. § 85-20-9.1 (2006).

3

Moreover, as set forth by the Supreme Court of Appeals of West Virginia, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996).

Here, the Board noted that Dr. Bal indicated that Ms. Wormack had experienced left shoulder pain and stiffness since the COVID-19 pandemic caused her to suspend the physical therapy necessitated by her compensable injury, that she may have a new tear of her left rotator cuff, and that an MRI was needed to assess her shoulder pain. Further, the Board found that Ms. Wormack's left shoulder x-ray of March 18, 2024, had the impression of mild acromioclavicular degenerative arthrosis and cystic changes of the greater tuberosity of the left humerus, likely secondary to her prior rotator cuff repair for the compensable condition in this claim. Dr. Lultschik noted that the compensable condition in this claim was unspecified rotator cuff tear or rupture of the left shoulder. Although Macy's argues that the request for treatment was for the noncompensable condition of pain in left shoulder, there is no medical evidence in the record that establishes that the request was for anything other than the compensable injury and pain would be a natural symptom of the compensable injury. With our deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in finding that the left shoulder x-ray, left shoulder MRI, and evaluation by Dr. Bal are medically related and reasonably required treatment for the compensable injury.

Accordingly, we affirm the Board's July 30, 2024, order.

Affirmed.


**ISSUED:** March 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White